UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

SARA KHATTAB
and KAIYA CRUMP

        Plaintiffs,

v.                                                              Civil Action No.: 3:23cv737

MARK JANOWSKI,
     Serve:   9315 Susquehanna Trail
                Ashland, VA 23005

CHRISTOPHER BROWN,
     Serve:   2613 Eastbourne Drive
                Woodbridge, VA 22191

and

THE CITY OF RICHMOND
     Serve:   Laura K. Drewry, City Attorney
                Office of the City Attorney
                900 E. Broad Street, Suite 400
                Richmond, VA 23219

        Defendants.

## COMPLAINT
**(Assault and Battery, Deprivation of Civil Rights, 42 U.S.C. §1983)**

COME NOW, Plaintiffs, Sara Khattab ("Ms. Khattab") and Kaiya Crump ("Ms. Crump"), by counsel, and file this Complaint against Defendants Mark Janowski ("Janowski"), in his individual capacity, Christpher Brown ("Brown"), in his individual capacity and official capacity, and the City of Richmond (the "City") (collectively Defendants"), and in support thereof states the following.

## JURISDICTION

1.     Jurisdiction before this Court is invoked pursuant to 42 U.S.C. §1983, 28 U.S.C. §1331 and 28 U.S.C. §1343(a)(3). This Court also has supplemental jurisdiction of all claims pursuant to 28 U.S.C. §1367(a).

1

2. Plaintiffs bring this action to redress the deprivation of rights secured to Plaintiffs by the United States Constitution, as made actionable pursuant to 42 U.S.C. §1983, and other rights secured to them by law.

3. Venue is proper in this Court as set forth herein and under 28 U.S.C. §1391(b) because all of the acts and omissions, which form the basis for this cause of action, occurred in the Commonwealth of Virginia, specifically the City of Richmond.

4. Plaintiffs submit that this Court has jurisdiction over all claims for relief cited herein including state claims under the supplemental and ancillary jurisdiction of the Federal Court.

5. On May 28, 2021, Wirt P. Marks, designated Risk Management for the City was given notice of this claim pursuant to Virginia Code § 15.2-209.

6. On October 5, 2020, Defendants Janowski and Brown were indicted and charged with Assault and Battery on Plaintiffs.

7. Said charges were dismissed pursuant to an agreement between Defendants Janowski and Brown and the City of Richmond on June 30, 2022.

## PARTIES

8. Ms. Khattab was at all times relevant herein a resident of the City of Richmond.

9. Ms. Crump was at all times relevant herein a resident of the City of Richmond.

10. This cause of action is based on the assault and battery of Plaintiffs along with a juvenile female during the City of Richmond police response to the May 31, 2020 protests of the murder of George Floyd.

11. The City is the municipal local government for the territory constituting the City of Richmond.

12. At all times relevant herein, the City among other things was and is responsible for the City of Richmond Police Department (the "Department").

13. At all times relevant herein, the City was and is responsible for the policies, procedures, rules, regulations, and customs set forth and utilized for the supervision of all of the City's employees, including but not limited to the Department's officers.

14. Janowski, who is being sued in his individual capacity, was at all relevant times an officer in the Department and employee of the City.

15. At all times relevant herein, Janowski was acting in the scope of his employment.

16. Brown, who is being sued in his individual and official capacity, was at all relevant times an officer in the Department and employee of the City.

17. At all times relevant herein, Brown was acting in the scope of his employment.

## FACTS

18. On May 30, 2020, numerous peaceful demonstrations protesting police brutality took place throughout the United States, including the City of Richmond.

19. Ms. Khattab and Ms. Crump, who were barely adults at the time, participated in said protests, along with another juvenile friend of theirs (collectively referred to as the "Girls").

20. Ms. Khattab drove the Girls to Broad Street on the night of May 30, and parked in a space on the street.

21. As the intensity of the protests increased, the Girls felt uncomfortable and decided to return to Ms. Khattab's vehicle to drive home.

22. Ms. Khattab pulled her vehicle onto Broad Street, but exiting the area was difficult and slow due to the presence of police and protesters in the street.

23. The Girls navigated the slow-moving traffic, eventually getting into the far-left lane of eastbound Broad Street and waiting behind other vehicles at a stoplight.

24. Ms. Khattab was driving her vehicle, with Ms. Crump in the passenger seat and the juvenile seated in the backseat.

25. While at the stoplight, the Girls noticed a heavy police presence and the juvenile passenger asked Ms. Crump to roll down the passenger window.

26. The juvenile then leaned forward and yelled out of the passenger window "Fuck 12" in the direction of the City of Richmond police officers on the sidewalk, including Defendants Janowski and Brown.

27. "Twelve" is a slang term used to refer to police officers and is in popular use in the United States.

28. City of Richmond Police Officers could be heard encouraging Janowski and Brown to "gas" the Girls in response to the "Fuck Twelve" comment (the "Comment").

29. Defendants Janowski and Brown then together crossed three lanes of Broad Street to reach the Girls' vehicle stopped in the left lane.

30. Upon arriving to the stopped vehicle, Janowski then fired O.C. fogger (the "Fogger") into the open window of the vehicle (the "Assault"), despite being trained specifically not to do so.

31. The fog immediately filled the vehicle, and the Girls all began to cough and experienced severe burning of their eyes, nose, throat, and skin.

32. Defendants Janowski and Brown could be heard laughing with each other as the Girls coughed, cried, and gasped.

33. Ms. Khattab then attempted to drive away, but only moved a few feet because of being unable to breathe, unable to see, and the Fogger inside the vehicle had completely obscured the windshield.

34. The Girls, still struggling to breath and burning from the Fogger, were able to wash enough of the windshield for Ms. Khattab to barely see enough to get the vehicle back to her residence.

35. Upon arrival to Ms. Khattab's residence, the Girls ripped off their clothes and tried to

shower immediately to remove the burning residue of the Fogger.

36. However, the Girls were not aware that water does not mitigate the effects of the Fogger, instead it simply spreads it and they experienced even more severe and widespread burning as a result of the showers.

37. The Girls also grabbed a gallon of milk and began to throw milk on the burning areas in hopes to cease the painful chemical burning.

38. The effects of the Fogger lasted for days, making showering painful and preventing one of the Girls from swimming in the ocean on vacation the following week.

39. After the assault, Janowski and Brown were indicted by a grand jury in the City of Richmond for misdemeanor assault and battery charges.

40. The charges remained pending until they were dismissed as part of the Virginia Center for Restorative Justice program in July 2022.

41. The Girls were invited to meet with Defendants Janowski and Brown as part of the program to receive an apology, but Plaintiffs did not attend out of fear and discomfort.

42. Plaintiffs specifically were not comfortable that Defendants Janowski and Brown would have their charges dismissed and could potentially remain City of Richmond police officers.

43. Plaintiffs to this day continue to experience, trauma, discomfort, and fear upon any interaction or even a sighting of uniformed police officers.

44. Plaintiffs joined their peers in nationwide protests of police brutality and found themselves brutalized and will likely experience trauma and distrust of law enforcement for the rest of their lives.

**COUNT I**
**(Violation of Plaintiffs' Fourth Amendment Rights Pursuant to 42 U.S.C. §1983)**
**(Against Defendants Janowski and Brown)**

45. Plaintiffs incorporate by reference paragraphs 1 through 44 as if fully set forth herein.

46. At the time that Plaintiffs were assaulted, they had a constitutional right pursuant to the Fourth Amendment of the United States Constitution, to be secure from excessive force "in the course of making an arrest, investigatory stop, or other seizure of his person." *See Graham v. Connor*, 490 U.S. 386, 388 (1989).

47. At all relevant times, Defendants Janowski and Brown, and any other known or unknown officers who were involved in the incident were state actors acting under the color of law, custom or usage of the City of Richmond, and on behalf of and in the interests of, their employer, the City of Richmond Police Department.

48. Defendants Janowski and Brown used force on Plaintiffs in the form of the Fogger, that disrupted their freedom of movement and ability to continue leaving the area safely.

49. Defendants Janowski and Brown used excessive and unreasonable force in using the Fogger on Plaintiffs inside of a small car.

50. Defendants Janowski and Brown's use of force and/or excessive and unreasonable force in their interactions with Plaintiffs was unnecessary and was done with careless and reckless disregard for their safety and welfare.

51. City of Richmond personnel, including but not limited to, other officers on scene, knew or had reason to know that a Constitutional violation(s) was being committed by their colleagues against Plaintiffs.

52. City of Richmond personnel, including but not limited to, other officers on scene, had a reasonable opportunity to prevent the unlawful use of force and/or use of excessive force, yet they failed to protect Plaintiffs.

53. City of Richmond personnel, including but not limited to, other officers on scene, respective actions and omissions in unlawfully assaulting, fogging, and endangering the Girls and the failure to protect their constitutional rights from the unlawful conduct of other officers,

committed unlawful and excessive use of force in violation of the Fourth Amendment.

54. Defendants Janowski and Brown are liable for the violation of Plaintiffs' Fourth Amendment rights.

## COUNT II
**(Violation of Plaintiffs' Fourth Amendment Rights Pursuant To 42 U.S.C. §1983)**
**(Against the City)**

55. Plaintiff incorporates by reference paragraphs 1 through 54 as if fully set forth herein.

56. At the time that Plaintiffs were assaulted, they had a constitutional right pursuant to the Fourth Amendment of the United States Constitution, to be secure from excessive force "in the course of making an arrest, investigatory stop, or other seizure of his person." *See Graham v. Connor*, 490 U.S. 386, 388 (1989).

57. The City had a duty to properly hire, train, supervise, and fire, if necessary, its employees in order to protect the public against reasonable dangers which would be likely to occur in the absence of proper hiring, training, supervision, and firing.

58. The City has a policy, custom, pattern and practice of failing to effectively train, supervise, discipline, and control the personnel its employs as police officers regarding the requisite, appropriate and reasonable use of force and/or excessive force in its interactions with the public

59. The City has a policy, custom, pattern and practice of violating their duty to properly hire, train, supervise, and fire/suspend police officers, including but not limited to, Defendants Janowski, Brown, and/or any other known or unknown officers or other officers involved in this incident.

60. The City has a policy, custom, pattern and practice of negligent hiring and failure to train, supervise, fire or suspend the Detention Center personnel involved in this incident, and the ensuing use of force and/or use of excessive force, were state actions and/or inactions which

subjected the Girls to excessive force.

61. The City is liable for the violations of Plaintiffs' Fourth Amendment rights.

## COUNT III
**(Violation of Plaintiffs' Fourteenth Amendment Rights Pursuant to 42 U.S.C. §1983)**
**(Against Defendants Janowski and Brown)**

62. Plaintiffs incorporate by reference paragraphs 1 through 61 as if fully set forth herein.

63. At the time that Plaintiffs were unjustly assaulted, they had the Constitutional right, pursuant to the Fourteenth Amendment of the United States Constitution, to be secure from excessive force that amounts to punishment. *See Kingsley v. Hendrickson,* 135 S. Ct. 2466, 2473 (2015).

64. At all relevant times, Defendants Janowski and Brown, and any other known or unknown officers who were involved in the incident were state actors acting under the color of law, custom or usage of the City of Richmond, and on behalf of and in the interests of, their employer, the City of Richmond Police Department.

65. Defendants Janowski and Brown in unlawfully assaulting Plaintiffs deprived Plaintiffs of their liberty without due process of law.

66. Defendants Janowski and Brown are liable for the violation of Plaintiffs' Fourteenth Amendment rights.

## COUNT IV
**(Violation of Plaintiffs' Fourteenth Amendment Rights Pursuant To 42 U.S.C. §1983) (Against the City of Richmond)**

67. Plaintiff incorporates by reference paragraphs 1 through 66 as if fully set forth herein.

68. At the time that Plaintiffs were assaulted, they had a constitutional right pursuant to the Fourth Amendment of the United States Constitution, to be secure from excessive force pursuant to the Fourteenth Amendment of the United States Constitution, to be secure from excessive force that amounts to punishment. *See Kingsley v. Hendrickson,* 135 S. Ct. 2466, 2473

(2015).

69. The City had a duty to properly hire, train, supervise, and fire, if necessary, its employees in order to protect the public against reasonable dangers which would be likely to occur in the absence of proper hiring, training, supervision, and firing.

70. The City has a policy, custom, pattern and practice of failing to effectively train, supervise, discipline, and control the personnel its employs as police officers regarding the requisite, appropriate and reasonable use of force and/or excessive force in its interactions with the public.

71. The City has a policy, custom, pattern and practice of violating their duty to properly hire, train, supervise, and fire/suspend police officers, including but not limited to, Defendants Janowski, Brown, and/or any other known or unknown officers or other officers involved in this incident.

72. The City has a policy, custom, pattern and practice of negligent hiring and failure to train, supervise, fire or suspend the Detention Center personnel involved in this incident, and the ensuing use of force and/or use of excessive force, were state actions and/or inactions which subjected the Girls to excessive force.

73. The City is liable for the violations of Plaintiffs' Fourteenth Amendment rights.

## COUNT V
**(Violation of Plaintiffs' First Amendment Rights Pursuant to 42 U.S.C. §1983) (Against Defendants Janowski and Brown)**

74. Plaintiff incorporates by reference paragraphs 1 through 73 as if fully set forth herein.

75. At the time that Plaintiffs were assaulted, they had a constitutional right pursuant to the First Amendment of the United States Constitution, to be secure from retaliatory action for engaging in protected speech. *See Hartman* v. *Moore*, 547 U. S. 250, 256 (2006).

76. At the time they were assaulted, Plaintiffs were leaving after participation in a local protest of the national issue of police brutality.

77. Immediately before being assaulted by Defendants Janowski and Brown, one of the Girls yelled the Comment to the City of Richmond officers, including Janowski and Brown.

78. Immediately, Janowski and Brown, with the encouragement of other City of Richmond Police officers, approached the Girls' vehicle and fired the Fogger into the open window.

79. It was the intention of Janowski and Brown, as well as the other City of Richmond Police officers, to chill the Girls' speech and respond to the Comment.

80. Defendants Janowski and Brown are liable for the violations of Plaintiffs' First Amendment rights.

## COUNT VI
### (Violation of Plaintiffs' First Amendment Rights Pursuant to 42 U.S.C. §1983)
### (Against Defendants Janowski and Brown)

81. Plaintiff incorporates by reference paragraphs 1 through 80 as if fully set forth herein.

82. At the time that Plaintiffs were assaulted, they had a constitutional right pursuant to the First Amendment of the United States Constitution, to be secure from retaliatory action for engaging in protected speech. *See Hartman* v. *Moore*, 547 U. S. 250, 256 (2006).

83. The City had a duty to properly hire, train, supervise, and fire, if necessary, its employees in order to protect the public against reasonable dangers which would be likely to occur in the absence of proper hiring, training, supervision, and firing.

84. The City has a policy, custom, pattern and practice of failing to effectively train, supervise, discipline, and control the personnel its employs as police officers regarding the requisite, appropriate and reasonable first amendment retaliation its interactions with the public

85. The City has a policy, custom, pattern and practice of violating their duty to properly hire, train, supervise, and fire/suspend police officers, including but not limited to, Defendants

Janowski, Brown, and/or any other known or unknown officers or other officers involved in this incident.

86. The City has a policy, custom, pattern and practice of negligent hiring and failure to train, supervise, fire or suspend the City of Richmond police officers involved in this incident, and the ensuing first amendment retaliations, were state actions and/or inactions.

87. It was the intention of Janowski and Brown, as well as the other City of Richmond Police officers, to chill the Girls' speech and respond to the Comment.

88. The City is liable for the violations of Plaintiffs' First Amendment rights.

## COUNT VII
### (Assault of Plaintiffs Against Defendants Janowski and Brown)

89. Plaintiff incorporates by reference paragraphs 1 through 87 as if fully set forth herein.

90. Defendants Janowski and Brown without a reasonable, lawful or valid basis engaged in harmful and offensive conduct towards Plaintiffs.

91. Defendants Janowski and Brown fired the Fogger designed for outdoor crowd repulsion into a small, poorly ventilated car which resulted in severe burning, difficulty breathing, and imminent danger to Plaintiffs.

92. As a result of Janowski and Brown's conduct, Plaintiffs reasonably apprehended that they would be subjected to further imminent harmful or offensive contact and conduct and that Janowski and Brown, and/or other known or unknown officers, had the clear present ability to carry out the expected harmful or offensive contact.

93. Defendants Janowski and Brown, without proper grounds, willfully and maliciously assaulted Plaintiffs who were helpless to escape or defend themselves against their aggressors.

94. As a direct and proximate result of Defendant Janowski and Brown's willful, malicious and intentional actions to harm Plaintiffs, they suffered severe physical pain, extreme fear,

and significant trauma.

95. Defendants Janowski and Brown's actions towards Plaintiffs constitute an assault in violation of the common law of the Commonwealth of Virginia.

96. At all times relevant herein, Defendants Janowski and Brown were acting within the scope of their employment for the City.

97. At all times relevant herein, Defendants Janowski and Brown were acting as a police officer employed by the City, and acting on behalf of, and in the interests of their employer.

98. Defendants Janowski and Brown are liable for their actions in assaulting Plaintiffs.

## COUNT VIII
**(Vicarious Liability for Assault)**
**(Against the City)**

99. Plaintiff incorporates by reference paragraphs 1 through 332 as if fully set forth herein.

100. At all times relevant herein, Defendants Janowski and Brown, and other known or unknown police officers provided law enforcement services for an on behalf of Defendant the City and were employees of and acting under the direction, control and benefit of the City.

101. Defendant the City is vicariously liable for the assault by Janowski and Brown committed against Plaintiffs.

## COUNT IX
**(Battery of Plaintiffs Against Defendants Janowski and Brown)**

102. Plaintiff incorporates by reference paragraphs 1 through 101 as if fully set forth herein.

103. As described herein, Defendants Janowski and Brown intentionally battered Plaintiffs by firing the Fogger designed for outdoor crowd repulsion into a small, poorly ventilated car which resulted in severe burning, difficulty breathing, and imminent danger to Plaintiffs.

12

104. Janowski and Brown engaged in harmful and offensive bodily contact with Plaintiffs.

105. As a direct and proximate result of defendant Janowski and Brown's willful, malicious and intentional actions to harm Plaintiffs, they suffered severe physical pain, extreme fear, and significant trauma.

106. Defendants Janowski and Brown's actions towards Plaintiffs constitute a battery in violation of the common law of the Commonwealth of Virginia.

107. At all times relevant herein, Defendants Janowski and Brown were acting within the scope of their employment for the City.

108. At all times relevant herein, Defendants Janowski and Brown were acting as a police officer employed by the City

109. Defendants Janowski and Brown are liable for their actions in battering Plaintiffs.

## COUNT X
### (Vicarious Liability for Battery)
### (Against the City)

110. Plaintiff incorporates by reference paragraphs 1 through 109 as if fully set forth herein.

111. At all times relevant herein, Defendants Janowski and Brown, and other known or unknown police officers provided law enforcement services for an on behalf of Defendant the City and were employees of and acting under the direction, control and benefit of the City.

112. Defendant the City is vicariously liable for the battery by Janowski and Brown committed against Plaintiff.

## COUNT XI
### (Negligent Training, Supervision and Retention Leading to the Mistreatment of Plaintiffs)
### (Against the City)

113. Plaintiff incorporates by reference paragraphs 1 through 112 as if fully set forth herein.

114. An employment relationship existed between the City and Defendants Janowski and Brown.

115. Defendants Janowski and Brown acted in an incompetent manner when they assaulted, battered and hurt Plaintiffs, simply for participating in a protest against police brutality.

116. On prior occasions, City of Richmond police have acted in an incompetent manner towards peaceful individuals protesting and expressive protected speech.

117. On prior occasions, City of Richmond police have acted in an incompetent manner regarding the use of excessive force.

118. The City had actual or constructive knowledge of the City of Richmond police officers' incompetent conduct towards peaceful individuals protesting and expressive protected speech.

119. The City had actual or constructive knowledge of the City of Richmond police officers' incompetent conduct towards use of excessive force.

120. The City had a duty to properly hire, train, supervise and fire, if necessary, its personnel, including but not limited to, Defendants Janowski and Brown and other known or unknown officers who were involved in this incident, in order to protect the public against reasonable dangers which would be likely to occur in absence of proper hiring, training, supervision, and firing.

121. The City has failed to effectively train, supervise discipline, and control the personnel it employs as police officers, including but not limited to, Defendants Janowski and Wood and other known or unknown officers who were involved in this incident, regarding the appropriate use of force.

122. The City has failed to effectively train, supervise discipline, and control the personnel it employs as police officers, including but not limited to, Defendants Janowski and Wood and other

known or unknown officers who were involved in this incident, regarding retaliation against protected speech.

123. The City violated its duty to properly hire, train, supervise, and fire/suspend its personnel, including but not limited to, Defendants Janowski and Brown and other known or unknown officers who were involved in this incident, which led to Plaintiffs' suffering and damages.

## COUNT XII
### (Gross Negligence Against Defendants Janowski and Brown)

124. Plaintiff incorporates by reference paragraphs 1 through 123 as if fully set forth herein.

125. Defendants Janowski and Brown had a duty to exercise minimal care for Plaintiffs. *See Frazier v. City of Norfolk*, 234 Va. 388, 393 (1987).

126. Defendants Jankikowsi and Brown had a duty to protect Plaintiffs from injury.

127. Defendants Janowski and Brown breached that duty.

128. Plaintiffs suffered actual loss and injury as a proximate result of Janowski's and Brown's breach of their duty.

129. Janowski and Brown had a duty to the use of the minimal amount of force necessary in the encounter with Plaintiffs.

130. Janowski and Brown had a duty to employ only reasonable measures in the encounter with Plaintiffs.

131. Notwithstanding those duties, Defendants Janowski and Brown breached the duty to exercise minimal care when they used unlawful, excessive and unreasonable force in the encounter with Plaintiffs inasmuch as the use of force and/or the excessive use of force was not warranted under the circumstances.

132. Defendants Janowski and Brown breached the duty to exercise minimal care when firing the Fogger into the car, removing the Girls ability to see, breathe, or leave the area safely.

133. City of Richmond personnel, including but not limited to, other known or unknown officers on the scene of the incident at the time that Plaintiffs were physically assaulted, failed to stop or prevent the assailants, from harming Plaintiffs when they knew they had a duty to protect Plaintiffs from said assault, battery and danger.

134. Defendants Janowski and Brown are liable for their actions during the entire encounter with Plaintiffs and exercised no degree of care for their safety at all.

## COUNT XIII
### (Vicarious Liability-Gross Negligence)
### (Against the City)

135. Plaintiffs incorporate by reference paragraphs 1 through 134 as fully set forth herein.

136. At all times relevant herein, Defendants Janowski and Brown, and other known or unknown police officers provided law enforcement services for an on behalf of the City and were employees of and acting under the direction, control and benefit of the City.

137. The City is vicariously liable for the grossly negligent conduct of Defendants Janowski and Brown and other known or unknown police officers.

## COUNT XIV
### (Willful and Wanton Conduct Against Defendants Janowski and Brown)

138. Plaintiffs incorporate by reference paragraphs 1 through 137 as fully set forth herein.

139. "Willful and wanton conduct" is acting consciously in disregard of another person's rights or acting with a reckless indifference to the consequences to another person when the defendant is aware of his conduct and is also aware, from his knowledge of existing circumstances and conditions, that his conduct would probably result in injury to another. *See Doe v. Baker*, 299 Va. 628, 652 (2021).

140. Defendants Janowski and Brown were aware that the Fogger emitted chemical gas that burns the eyes, throat, and skin of anyone who comes into close contact with it.

141. Defendants Janowski and Brown were aware that the Fogger was designed specifically for outdoor spaces and large crowds.

142. Defendants Janowski and Brown were aware that the Fogger would attack the eyes of the Girls, as well as settle on the windshield and other windows, preventing safe operation of the vehicle.

143. Despite this knowledge, Janowski and Brown fired the Fogger into the window of the Girls' car, knowing that it would immediately fill with burning chemical gas.

144. The actions of Janowski and Brown caused Plaintiffs actual loss and severe injury.

145. Defendants Janowski and Brown are liable for their actions during the entire encounter with Plaintiffs, knew that their conduct would cause Plaintiffs injuries, and proceeded anyway.

## COUNT XV
### (Vicarious Liability-Willful and Wanton Conduct)
### (Against the City)

146. Plaintiffs incorporate by reference paragraphs 1 through 145 as fully set forth herein.

147. At all times relevant herein, Defendants Janowski and Brown, and other known or unknown police officers provided law enforcement services for an on behalf of the City and were employees of and acting under the direction, control and benefit of the City.

148. The City is vicariously liable for the willful and wanton conduct of Defendants Janowski and Brown and other known or unknown police officers.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs:

1. Re-plead and re-allege Counts I through XV, paragraphs 1 through 148 with the

same force and effect as if fully set forth herein.

2. Request, subject to further discovery, the right to amend the amended complaint, and that the Court.

3. Enter a finding and judgment, jointly and severally, that Defendants' actions violated the United States Constitution and other laws, including but not limited to the Constitutional and legal rights of Plaintiffs.

4. That Defendants be ordered to take appropriate affirmative acts to ensure that the acts complained of herein are not engaged in again by Defendants or any of its agents.

5. Enter a finding and judgment in favor of Plaintiffs on all of the above-mentioned claims for relief, and against all Defendants, jointly and severally, for compensatory damages in the full and just amount of two million ($2,000,000) dollars, plus punitive damages to the extent allowed by law and interest.

6. Award fees and court costs to Plaintiffs.

7. Award such other relief as this Court deems just and fair.

TRIAL BY JURY DEMANDED.

Respectfully submitted,

SARA KHATTAB
KAIYA CRUMP

By Counsel

  /s/ Justin L. Criner         .
Justin L. Criner (VSB # 90649)
Daniel Vall-llobera (VSB # 95282)
The Beale Law Firm, PC
808 Moorefield Park Drive, Suite 110
North Chesterfield, VA 23236
(804) 788-1500
(804) 788-0135 (facsimile)
jcriner@bealelaw.com
dvall-llobera@bealelaw.com